UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                    Case No.:    3:13-cr-153-J-34PDB

SEAN MICHAEL SMITH,

        Defendant.
_____/

## ORDER

This case is before the Court on Defendant Sean Michael Smith's "Motion for Review of the Unlawful Sentence in the Above Styled Action, Pursuant to 18 U.S.C. § 3742(a)(1)" (Doc. 54, Motion for Review of Unlawful Sentence), and "Motion to Request Leave for Out of Time Direct Appeal Premised Upon 'Plain Error'" (Doc. 55, Motion for Out of Time Appeal) (collectively, Motions).

On February 24, 2014, Smith pled guilty to one count of distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). (See Doc. 1, Indictment; Doc. 40, Report and Recommendation; Doc. 41, Acceptance of Guilty Plea). The Court sentenced Smith to a term of imprisonment of 72 months on July 3, 2014, and docketed the judgment and its statement of reasons on July 7, 2014. (See Doc. 52, Judgment; Doc. 53, Statement of Reasons).

Under the Federal Rules of Appellate Procedure, Smith had 14 days from the entry of judgment, or until July 21, 2014, to appeal his conviction and sentence. See Fed. R. App. P. 4(b)(1)(A). Smith filed no such appeal. Instead, Smith filed the Motion for Review

1

of Unlawful Sentence almost a year later on July 1, 2015, and later filed the Motion for Out of Time Appeal on September 19, 2015.

In the Motion for Review of Unlawful Sentence, Smith alleges that he is innocent and his sentence is unlawful, that the United States violated his right to due process, and that the United States engaged in "outrageous government conduct."  The premise of Smith's Motion for Review of Unlawful Sentence is that the government caused him to distribute child pornography because its investigative techniques

> bolster the National Market for Child Pornography (CP), thus producing a perpetual supply of federal cases.  The actions of the federal government in this case is [sic] a violation of Due Process that produces crime for an otherwise <u>innocent</u> citizen to stumble into and further endangers children, the <u>most</u> helpless of our citizens.  These facts alone would lead the simplest of fact-finders to conclude that the thousands of Law Enforcement Officers who are presently supplying and requesting CP on the internet create a perpetual demand on the National Market.  Thus compelling others to produce, and distribute illicit pictures and causing continual harm to children.

Motion for Review of Unlawful Sentence at 2 (emphases replacing capitalizations).  Smith contends that this Court has jurisdiction to correct his "unlawful sentence" under 18 U.S.C. § 3742(a)(1) and Federal Rule of Criminal Procedure 52(b).  <u>Id.</u> at 1, ¶ 1.

In the Motion for Out of Time Appeal, Smith requests that the Court permit an out-of-time appeal because the Court allegedly failed to advise him of the elements of the charged offense at his change-of-plea colloquy.  Motion for Out of Time Appeal at 1, ¶ 2.  Specifically, Defendant alleges that he "was never advised that non-exclusive use of the device and/or internet connection was a viable defense."  <u>Id.</u> at 2, ¶ 4.  Smith argues that this failure amounted to "plain error," and as such, this Court has authority to permit an out-of-time appeal under Federal Rule of Criminal Procedure 52(b).  <u>Id.</u> at 1, ¶ 1.

2

Neither 18 U.S.C. § 3742(a)(1) nor Rule 52(b) provides authority for a district court to vacate a sentence, correct a sentence, or permit an untimely appeal. Section 3742(a)(1) states only that "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence… (1) was imposed in violation of law." Id. The Eleventh Circuit has observed that § 3742 "seems to define the subject matter jurisdiction of the appellate courts," United States v. Hernandez, 34 F.3d 998, 1000 n.3 (11th Cir. 1994), but it does not relieve a defendant from the requirement to file his notice of appeal within 14 days of the entry of judgment, see Fed. R. App. P. 4(b)(1)(A)(i). Rule 52(b), for its part, states only that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b). Rule 52(b) specifically applies to appellate courts, permitting them "to recognize a 'plain error that affects substantial rights,' even if the claim of error was 'not brought' to the district court's 'attention.'" United States v. Marcus, 560 U.S. 258, 262 (2010). However, by its terms, Rule 52(b) does not confer any independent authority on a district court to correct a sentence or allow an out-of-time appeal.[1]

---

[1] Contrary to Smith's reliance on United States v. Frady, 456 U.S. 152 (1982), in his Motion for Out of Time Appeal, the Supreme Court has not held that Rule 52(b) permits a district court to authorize an out-of-time appeal. Nowhere in Frady does the Court discuss a district court's power to allow an appeal after the time to file has expired. Moreover, the Supreme Court stated that "the 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal." Frady, 456 U.S. at 164. Far from holding that "plain error" permits an out-of-time appeal, the Supreme Court held that "plain error" review was not appropriate where, as here, the time to file an appeal has expired and "society's legitimate interest in the finality of the judgment has been perfected." Id.

Because Smith is a pro se litigant, the Court construes his Motions liberally, looking "beyond the label of a pro se inmate's motion to determine if it is cognizable under a different statutory framework." See United States v. Smith, 419 F. App'x 954, 957-58 (11th Cir. 2011) (citing United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003)) (quotations omitted). One way to construe Smith's Motion for Review of Unlawful Sentence (Doc. 54) and Motion for Out of Time Appeal (Doc. 55) is to treat them as motions to extend the time to appeal, pursuant to Federal Rule of Appellate Procedure 4(b)(4). Under that rule,

> [u]pon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4). But, the plain language of "Rule 4(b)(4) prohibits a district court from extending the time for filing a notice of appeal more than thirty days beyond Rule 4(b)'s [fourteen]-day[2] deadline." United States v. Brown, 192 F. App'x 942, 943 (11th Cir. 2006) (citing United States v. Grant, 256 F.3d 1146, 1150-51 (11th Cir. 2001)). As Smith did not file the Motions until July 1, 2015, and September 19, 2015 – approximately one year after July 21, 2014, when the time expired to file a timely notice of appeal under Rule 4(b)(1)(A)(i) – the Court cannot extend his time to file a notice of appeal. Under Rule 4(b)(4), the latest the Court could have extended the filing deadline to was August 20, 2014 (30 days past July 21, 2014), but that date has long since passed. Therefore, even if Smith had shown excusable neglect or good cause for not filing a timely notice of appeal, the Court would have no authority to grant the requested extension.

---

[2]   Rule 4(b)(1)(A) previously required defendants to file a notice of appeal within ten days of the entry of judgment, but now allows 14 days to file a notice of appeal.

Moreover, Smith's Motions provide no explanation for why he failed to file a timely notice of appeal. Instead, Smith merely complains that "outrageous government conduct" compelled him to distribute child pornography, Motion for Review of Unlawful Sentence at 1-3, and that the Court failed to inform him of the elements of the charged offense, Motion for Out of Time Appeal at 1, ¶ 2. In other words, Smith argues the merits of his case without suggesting any basis for the Court to find excusable neglect or good cause for his failure to timely appeal. Accordingly, Smith's Motions, construed as motions to extend the time to file a notice of appeal under Federal Rule of Appellate Procedure 4(b)(4), are due to be denied.

Because Federal Rule of Appellate Procedure 4(b)(4) is unhelpful to Smith, and because Smith's Motions attack the legality of his conviction and sentence, the Court observes that it could construe the Motions, collectively, as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In accordance with the Supreme Court's holding in <u>Castro v. United States</u>, 540 U.S. 375, 383 (2003), the Court hereby notifies Smith that it intends to recharacterize his Motion for Review of Unlawful Sentence (Doc. 54) and Motion for Out of Time Appeal (Doc. 55) as a motion to vacate under 28 U.S.C. § 2255. This recharacterization means that any subsequent motion Smith may file pursuant to § 2255 would be subject to the restrictions on second or successive motions. Specifically, Smith would be required to obtain authorization from the Eleventh Circuit Court of Appeals in order to file a second or successive § 2255 motion. <u>See</u> 28 U.S.C. § 2255(h). Smith may (a) withdraw the instant Motions to avoid recharacterization, <u>or</u> (b) amend the Motions to include all other potential § 2255 claims Smith believes he has.

The Court also observes that the Motion for Out of Time Appeal, in which Smith contends that the Court failed to advise him of the elements of the charged offense at his plea colloquy, may be time-barred if construed as part of a motion to vacate under § 2255. Under 28 U.S.C. § 2255(f), a defendant must file their motion to vacate within one year

> from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When a defendant does not pursue a direct appeal, the conviction and sentence become final for purposes of § 2255(f)(1) upon the expiration of the time for filing a notice of appeal, Ramirez v. United States, 146 F. App'x 325, 326 (11th Cir. 2005) (citing Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000)). The time for Smith to file a notice of appeal expired on July 21, 2014, so his conviction and sentence became final on that date. That gave Smith until July 21, 2015, to file a timely § 2255 motion. Smith filed the Motion for Out of Time Appeal on September 19, 2015, which would make any new claim raised in that motion untimely.[3] Therefore, if Smith chooses to pursue the claim raised in the Motion for Out of Time Appeal as part of a §

---

[3] Because Smith filed the Motion for Review of Unlawful Sentence on July 1, 2015, a claim raised in that particular motion is timely.

6

2255 motion to vacate, the Court directs him to show cause why any relief requested based on the new claim should not be denied as untimely.

Accordingly, it is hereby

**ORDERED:**

1. To the extent Defendant Sean Michael Smith's Motion for Review of Unlawful Sentence (Doc. 54) and Motion for Out of Time Appeal (Doc. 55) are construed as motions for extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(b)(4), they are **DENIED**.

2. The Court directs Smith to **RESPOND** to the proposal to recharacterize the Motion for Review of Unlawful Sentence (Doc. 54) and Motion for Out of Time Appeal (Doc. 55) as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Smith must indicate whether he intends to (a) pursue the Motions as a motion to vacate raising only the claims set forth in the Motions, (b) amend the Motions to include other claims for relief[4], or (c) withdraw the Motions. Smith is directed to file his response **on or before January 8, 2016**.

3. If Smith chooses to continue to pursue the Motion for Out of Time Appeal as part of a § 2255 motion to vacate, the Court directs Smith to explain in his response why the Court should not dismiss the claim raised in the Motion for Out of Time

---

[4] Because the one-year statute of limitations set forth under 28 U.S.C. § 2255(f)(1) has run out, if Smith chooses to proceed with the Motions as a motion to vacate and file amendments to them, he should be mindful of the requirements discussed in Mayle v. Felix, 545 U.S. 644 (2005).

7

Appeal as untimely.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of October, 2015.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:

Pro se defendant
Counsel of record